UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATHRYN FLORCZYK, individually and as a
representative of the estate of Stanley J. Florczyk,

                Plaintiff,

v.                                                 5:06-CV-0309
                                                    (GHL)
METROPOLITAN LIFE INSURANCE COMPANY,

                Defendant.
_____

APPEARANCES:                                OF COUNSEL:

SUGARMAN LAW FIRM               TIMOTHY J. PERRY, ESQ.
Counsel for Plaintiff
360 South Warren Street
HSBC Center
Syracuse, New York 13202

HODGSON RUSS LLP                 HUGH M. RUSS, III, ESQ.
Counsel for Defendant                CATHERINE GRANTIER COOLEY, ESQ.
One M&T Plaza                               JULIA M. HILLIKER, ESQ.
Suite 2000
Buffalo, New York 14203

GEORGE H. LOWE, United States Magistrate Judge

## DECISION AND ORDER[1]

### I. INTRODUCTION

      Plaintiff Katherine Florczyk ("Plaintiff"), individually and on behalf of the Estate of her

deceased husband, Stanley Florczyk ("decedent"), seeks to recover supplemental life insurance

benefits that were part of the Verizon Employee Group Benefits Plan ("the Plan") issued by the

---

      [1]      Upon the parties' consent, this matter was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. No. 9.)

decedent's employer. Defendant Metropolitan Life Insurance Company ("MetLife") is the claim administrator for the Plan, and it denied Plaintiff's administrative claim[2]. She subsequently brought this action. The case is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Presently before the Court is MetLife's motion for summary judgment dismissing the amended complaint and seeking an award of attorneys' fees and costs. (Dkt. No. 32.) Plaintiff has opposed the motion (Dkt. No. 34), and MetLife filed a reply memorandum. (Dkt. No. 35.) At the Court's request (Dkt. No. 36), the parties submitted letter-briefs addressing the Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008). (Dkt. Nos. 37 and 38.)

## II.   FACTS

Decedent had been an employee of NYNEX, which became a part of Verizon. He was a participant in the Plan. He died on February 1, 2002. For a number of years prior to his death decedent had supplemental group life insurance coverage for which he paid premiums.

MetLife asserts that on November 22, 2000, decedent placed a telephone call to the Verizon Benefits Center and in that call he elected to cancel his supplemental life insurance coverage. Plaintiff disputes this assertion. The telephone call was purportedly tape recorded but for the most part the tape is inaudible.

On November 24, 2000, a Confirmation Statement was sent to decedent that listed his

---

[2] MetLife initially denied Plaintiff's administrative claim on the ground that decedent did not have supplemental life insurance coverage at the time of his death because he had cancelled coverage and he ceased paying premiums for it. Plaintiff took an administrative appeal , and MetLife upheld the initial denial.

2001 benefit elections. The Confirmation Statement did not list supplemental life insurance among decedent's elected benefits. The Statement advised decedent: "[I]f you find an administrative error in your confirmation enrollment, call the In Touch Center to speak with an In Touch Representative. You must call within two weeks from the date of this confirmation statement, but no later than 5:00 p.m. Eastern Time on December 29, 2000."

In her response to MetLife's Statement of Material Facts ("Response"), Plaintiff has denied these facts concerning the Confirmation Statement but her basis for doing so apparently is that she "has no personal knowledge." (Dkt. No. 34-6 at 2, ¶ 16. She cites to no record evidence supporting her denial.

There is nothing in the administrative record that was considered by MetLife in denying Plaintiff's claim that would suggest that decedent ever called the In Touch Center to report an error in the Confirmation Statement. Plaintiff admits this fact. (Dkt. No. 34-6 at 2, ¶ 17.) In addition, decedent ceased making premium payments for the supplemental life insurance early in 2001. In her Response, with respect to this assertion by MetLife, Plaintiff stated "unknown." (Dkt. No. 34-6 at 2, ¶ 18.) She cites to no record evidence that would support a denial of this assertion.

In her opposition to MetLife's motion Plaintiff points to entries from the administrative record in which questions are raised about the tape of the decedent's telephone call of November 22, 2000. She also asserts that her "claim was passed from company to company, from claims handler to claims handler, and back over many months, with a number of questions raised and left unanswered." (Dkt. No. 34-7, at 4-5.)

3

## III. DISCUSSION

### A. Legal Standard Governing Motions for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material[3] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[4]

However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."[5] The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[6] Rather, "[a] dispute regarding a material fact is

---

[3] A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[4] *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

[5] Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading, but the [plaintiff's] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the [plaintiff] does not so respond, summary judgment, if appropriate, shall be entered against the [plaintiff]."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

[6] Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . ."); *Matsushita*, 475 U.S. at 585-86; *see also*

*genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

Here, Plaintiff admits that "MetLife ha[d] discretionary authority to determine Plaintiff's eligibility for benefits and that this Court's standard of review of MetLife's denial of benefits therefore is an "arbitrary and capricious standard." (Dkt. No. 34-6, at ¶ 14.) In this context the Second Circuit has instructed as follows:

> A denial of a claim challenged under § 502(a)(1)(B) is arbitrary and capricious if "there has been a clear error of judgment," that is, if the decision was "'without reason, unsupported by substantial evidence or erroneous as a matter of law'." Substantial evidence in turn "is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker and] ... requires more than a scintilla but less than a preponderance."

*Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995) (citations omitted) (punctuation in original).

### B.     MetLife's Decision of Denial

MetLife's decision was reasonable and is supported by far more than a scintilla of evidence. The administrative record shows that MetLife confirmed with the Plan's third-party administrator that decedent had cancelled his coverage. This cancellation was documented in a Confirmation Statement sent to the decedent that explicitly requested that he should report any errors on the Statement. The administrative record reflects that shortly thereafter the decedent ceased making premium payments. There is nothing in the record to suggest that the decedent

---

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[7]     *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added].

ever responded to the Confirmation Statement.

In this context the issue of the audio tape is irrelevant. Whatever mystery might surround that tape does not detract a single iota from the aforementioned substantial evidence in the administrative record. In addition, the fact that the Plaintiff's claim was addressed by several people similarly is irrelevant. Indeed, one might infer from this fact that MetLife took considerable care in making its decision, as opposed to being arbitrary and capricious.

The Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn, supra*, has no impact on this Court's ruling . In *Glenn*, the Court held that "the fact that a plan administrator both evaluates claims for benefits and pays benefits claims" (which is the situation in this litigation) creates a conflict of interest. *Id.* at 2348. The Court further held that this conflict should be weighed as one factor in determining whether there is an abuse of discretion. In this regard the Court explained that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Id.* at 2351.

Here, however, there are no factors, other than the conflict of interest itself, suggesting an abuse of discretion by MetLife, nor is there any evidence suggesting that the conflict influenced MetLife's decision. However, Plaintiff argues that any such evidence rarely, if ever, would be contained in the administrative record, and instead would be ascertained only through discovery of "the administrator's claims handling procedures, internal training and evaluation materials, memoranda to claim adjusters, bonus or incentive plans, and internal structure and organization." (Dkt. No. 37 at 2.) In this case, because of the conflict, the Court permitted limited discovery (Dkt. No. 19) that uncovered nothing probative. Further discovery is not warranted, and to

permit the "fishing expedition" proposed by Plaintiff would entirely frustrate ERISA's efforts to avoid complex review proceedings.

MetLife's motion for summary judgment dismissing the amended complaint must be granted[8].

### C.     Attorneys' Fees

MetLife's request for an award of attorneys' fees is denied.

Accordingly, it is

**ORDERED**, that MetLife's motion for summary judgment (Dkt. No. 32) is **GRANTED** and the action is **DISMISSED IN ITS ENTIRETY;** and it is further

**ORDERED**, that MetLife's request for attorneys' fees (Dkt. No. 32) is **DENIED**.

Dated: July 11, 2008
        Syracuse, New York

_George H. Lowe_
United States Magistrate Judge

---

[8]     In her opposition memorandum of law, Plaintiff argues that her claim for breach of fiduciary duty should be allowed to go forward.  However, Plaintiff cannot maintain both a claim to recover benefits and a claim for breach of fiduciary duty.  *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *Pronti v. CNA Financial Corp.*, 353 F. Supp. 2d 320 (N.D.N.Y. 2005).